

# The Attorney General of Texas

December 28, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Hal H. Hood
Firemen's Pension Commissioner
503-F Sam Houston State Office Bldg.
Austin, Texas 78701

Opinion No. MW-118

Re: Whether or not income from invested funds of the pension fund under article 6243e.3 may be used to pay for the cost of an actuarial study.

Dear Mr. Hood:

You have requested our opinion as to whether income derived from the Fire Fighters' Relief and Retirement Fund may be used to finance a biennial actuarial study required by statute.

Article 6243e.3, V.T.C.S., enacted in 1977, created, on behalf of volunteer firemen, a statewide Fire Fighters' Relief and Retirement Fund, to be administered by the Firemen's Pension Commissioner and a six-member state board of trustees. Sections 18-21. Section 24 provides:

> The commissioner and state board of trustees shall certify the actuarial and financial soundness of the fund every two years. The state board shall employ a qualified actuary and a certified public accountant to assist in the required certification.

You explain that the 1979 session of the legislature failed to make a separate appropriation for the purpose of financing this actuarial study. You ask whether income derived from the Fund may be expended for this purpose.

Section 14(e) of the statute provides:

> No portion of the corpus or income of the fund may be used for purposes other than the benefit of member fire fighters and their beneficiaries.

In our opinion, the state board of trustees should determine whether the actuarial study will accrue to the "benefit of member fire fighters and their beneficiaries." The state board is empowered to "establish rules and regulations necessary for the administration of the fund." Section 21(b). See

P. 372

Attorney General Opinions H–1093 (1977); H–896 (1976).  In this case, the board is directed by the legislature to "employ a qualified actuary and a certified public accountant to assist in the required certification."  Sec. 24.  If the board reasonably concludes that the use of income from the Fund to finance the actuarial study would be of benefit to member fire fighters and their beneficiaries, it may expend a portion of that income for such purpose.  See Attorney General Opinion H–1152 (1978).

### SUMMARY

If the state board of trustees of the Fire Fighters' Relief and Retirement Fund determines that the use of income from the Fund to finance a statutorily required actuarial study would be of benefit to member fire fighters and their beneficiaries, it may expend a portion of that income for such purpose.

Very truly yours,

MARK  WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Les King
and Rick Gilpin
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Bob Gammage
Susan Garrison
Rick Gilpin
Les King
Eva King Loutzenhiser